UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

JEREMY PATRICK,

    Petitioner,

v.

J. BOLAR, Warden,

    Respondent.

Civil Action No. 6: 26-201-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Jeremy Patrick has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See* [R. 1]  Patrick challenges the Bureau of Prisons' policy that prisoners in his position are ineligible to receive sentence credits under the First Step Act of 2018 ("FSA"). *See id.* at 7-8.[1] The Court conducts a preliminary review of the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).[2]

In January 2008, Patrick was sentenced to 108 months imprisonment on bank robbery and firearms charges - including charges pursuant to 18 U.S.C. § 371, 18 U.S.C. § 2113, and 18 U.S.C. § 924(c) - to be followed by five years of supervised release.  *See United States v.*

---

[1] Patrick offers no indication whether he has exhausted his administrative remedies with respect to his claim.  Given procedural posture, the Court assumes that he has done so.  *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013).

[2]  The Court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates the petition under a more lenient standard because Patrick is not represented by an attorney. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief.") (citations and internal quotation marks omitted).

*Patrick*, No. 3: 03-CR-28-TWP-CCS-1 (E.D. Tenn. 2007), [R. 28 therein].  Patrick completed the carceral portion of this sentence and began his term of supervised release in 2015.

In February 2016 and while in supervised release, Patrick was charged with conspiracy to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846, and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  In June 2017, the trial court sentenced Patrick to 135 months imprisonment on the drug trafficking charge and to a consecutive 60-month term on the firearm charge.  *See United States v. Patrick*, No. 3: 16-CR-11-KAC-DCP (E.D. Tenn. 2016), [R. 217 therein].  The same day, Patrick was sentenced to a consecutive term of 37 months imprisonment for eight violations of the terms of his supervised release.  *See United States v. Patrick*, No. 3: 03-CR-28-TWP-CCS-1 (E.D. Tenn. 2007), [R. 40 therein].

The FSA permits most federal prisoners who participate in vocational classes and rehabilitation programming to earn credits that may shorten their sentence. *See* 18 U.S.C. § 3632(d)(4)(A). But a prisoner convicted of a disqualifying offense cannot receive FSA credits.  *See* 18 U.S.C. § 3632(d)(4)(D).  Patrick's two firearm convictions under Section 924(c) are disqualifying, *see* Section 3632(d)(4)(D)(xxii), but his convictions for bank robbery and drug trafficking under Sections 371, 841, and 2113 are not.  Because his other sentences run consecutively to that for his Section 924(c) conviction, Patrick thinks he should be able to earn FSA credits during the 172 months he is serving his not-ineligible sentences.  *See* [R. 1-1]

However, the governing statute provides that multiple sentences "shall be treated for administrative purposes as a single, aggregate term of imprisonment."  18 U.S.C. § 3584(c).

The BOP therefore treats all of Patrick's individual sentences as a single criminal sentence for administrative purposes. That treatment is consonant with statutory text. Thus, every court to have considered the question has held that Section 3584(c)'s aggregation language requires the BOP to treat a prisoner's sentences – whether imposed concurrently or consecutively, at one time or many, by one court or by several – as a single aggregate sentence for purposes of determining sentence credits under the FSA and similar statutes. As the Sixth Circuit has explained:

> Keeling argues that aggregation under § 3584(c) "is for administrative purposes," not to prevent prisoners from earning time credits under the FSA for convictions that are not disqualifying under § 3632(d)(4)(D). But courts have consistently and correctly held that the calculation of a prisoner's sentence, and the awarding of credits that reduce the length of that sentence, "are administrative functions of the BOP subject to § 3584(c)."

*Keeling v. LeMaster*, No. 22-6126, 2023 WL 9061914 (6th Cir. Nov. 22, 2023) (cleaned up). *See also Sok v. Eischen*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) ("[T]he district court did not err in denying Sok's petition, as the BOP correctly treated his prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits."); *Oiler v. LeMaster*, No. 24-5033, 2025 WL 1864875, at *1 (6th Cir. Jan. 10, 2025) (same); *Giovinco v. Pullen*, 118 F.4th 527, 531 (2d Cir. 2024) (same), *cert. denied sub nom. Giovinco v. Flowers*, 145 S. Ct. 1947, 221 L. Ed. 2d 678 (2025); *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) (*per curiam*) (same); *Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at *3 (5th Cir. Jan. 12, 2024) (same). Because Patrick is serving a single aggregate sentence that includes disqualifying offenses, he is statutorily ineligible to earn FSA credits.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

3

1.      The petition, [R. 1], is **DENIED**.

2.      All pending motions are **DENIED** as moot.

3.      This matter is **STRICKEN** from the docket.

Entered:  June 29, 2026.

Signed By:

**_Karen K. Caldwell_**

**United States District Judge**